IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL DURHAM, | § | |
| | § | |
| Defendant Below, | § | No. 411, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0208019524A (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 1, 2018
Decided: May 2, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the appellant's opening brief, the State's motion to affirm, and the record below, the Court concludes that:

(1)    The appellant, Michael Durham, filed this appeal from a Superior Court order denying his motion to proceed *pro se* and for a certificate of eligibility to file an application for sentence modification under 11 *Del. C.* § 4214(f).  The Superior Court held Durham was ineligible for relief under § 4214(f) and denied his motion to proceed *pro se*.  We affirm the Superior Court's judgment.

(2)    The record reflects that, on December 4, 2003, a Superior Court jury convicted Durham of attempted first degree robbery and numerous related offenses arising from the home invasion of a Dover residence.  Given his prior convictions,

the State moved to declare Durham a habitual offender under 11 *Del. C.* § 4214(a). The Superior Court granted that motion and exercised its discretion to sentence Durham to life imprisonment. This Court affirmed the Superior Court's judgment on direct appeal.[1]

(3) On May 11, 2017, Durham asked the Superior Court for permission to proceed *pro se* to pursue a certificate of eligibility and to modify his 2004 habitual offender sentence under 11 *Del. C.* § 4214(f). Under Superior Court Special Rule of Procedure 2017-1, which was enacted by the Superior Court as directed by the General Assembly in 11 *Del. C.* § 4214(f), a request for certificate of eligibility under § 4214(f) may only be filed by the petitioner's attorney of record or the Office of Defense Services.[2] The Superior Court will not consider a *pro se* request under § 4214(f) unless the petitioner is granted permission to proceed *pro se*.[3]

(4) On September 11, 2017, the Superior Court denied Durham's request, holding that Durham was not eligible for relief under § 4214(f) because Durham had been sentenced to life imprisonment, which had been imposed solely within the sentencing judge's discretion. This ruling is correct, as we recently explained in another case touching on this same issue.[4]

---

[1] *Durham v. State*, 867 A.2d 176 (Del. 2005).
[2] Del. Super. Ct. Spec. R. 2017-1(c)(2).
[3] *Id.*
[4] *Clark v. State*, 2018 WL 1956298 (Del. Apr. 24, 2017).

(5) When Durham was sentenced for attempted first degree robbery as a habitual offender, § 4214(a) provided a habitual offender could receive a sentence of up to life imprisonment and would "receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this Title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title."[5] The statutory maximum penalty for attempted first degree robbery, the violent felony[6] forming the basis of the State's petition to declare Durham a habitual offender, was twenty years at Level V incarceration.[7] Durham therefore faced a sentence between twenty years at Level V and life imprisonment. Because the sentencing judge exercised discretion under § 4214(a) to sentence Durham to life imprisonment instead of twenty years at Level V incarceration, Durham did not receive "a minimum sentence of not less than the statutory maximum penalty for a violent felony."[8]

---

[5] 11 *Del. C.*§ 4214(a) (2002).

[6] 11 *Del. C.*§ 4201(c)-(d) (2002) (classifying Attempted Robbery in the First Degree as a violent felony).

[7] 11 *Del. C.* § 832(a) (2002) (defining Robbery in the First Degree as a Class B felony); 11 *Del. C.* 4205(b)(2) (2002) (providing punishment for Class B felony was 2 to 20 years of Level V incarceration).

[8] 11 *Del. C.* § 4214(f) (2017).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.


BY THE COURT:



*/s/ Karen L. Valihura*
Justice